FREDERICK CHITTENDEN *vs.* JOHN STEVENSON.

Where the declaration, in an action of assumpsit, stated in substance, that the defendant, being in possession of the plaintiff's goods, *in consideration thereof* agreed with and promised the plaintiff that he would *forthwith* return said goods to the plaintiff or pay him therefor what they were reasonably worth *when thereto requested*—and the proof offered in support of the declaration was, that while the defendant was in possession of the plaintiff's goods it was agreed between the plaintiff and defendant *that the defendant might keep said goods and account to the plaintiff for the same*, and that the defendant then and there promised, *in consideration thereof*, to return said goods to the plaintiff *in a reasonable time thereafter when requested*, or pay him what they were reasonably worth,—it was held, that there was a fatal variance between the consideration stated and the consideration proved, and between the promise stated and the promise proved.

ASSUMPSIT. The case can be sufficiently understood from the opinion of the court.

*Chittenden,* for the plaintiff.

*Sturges,* for the defendant.

SANFORD, J.   The question presented by the motion is, whether the evidence offered by the plaintiff to prove the contract declared on, was admissible.   It was objected to as inadmissible under either of the counts and was admitted under the third.

It is not very obvious precisely what contract the plaintiff intended to set up in his third count, and it is not surprising that, in the hurry of the trial, the court should have overlooked what seems to us a fatal variance between the evidence offered and the contract set up in that count.   The count states in substance that the defendant being in possession of the plaintiff's goods, which he afterwards received, used and disposed of for his own benefit, in consideration thereof, (that is, in consideration of the defendant's possession of the plaintiff's goods and of his reception and use of them for his own benefit,) agreed with and promised the plaintiff that he would forthwith return said goods to the plaintiff or pay him therefor what they were reasonably worth when thereto requested.   There is no averment that the goods were delivered to the defendant at his request, or were taken or used by him by the plaintiff's permission.   But as the absence of such averment appears on the face of the declaration, it need not be further noticed in this place.

We think the evidence offered ought to have been rejected because of its variance from the contract stated, both in regard to the consideration and the promise.

The consideration stated consists entirely in the defendant's present possession and use of the plaintiff's goods.   The consideration proved by the evidence offered, was the plaintiff's agreement with the defendant, that he might keep the goods and account for them, either by returning them on request, or by paying for them at his option; the difference being that which exists between an agreement which confers the right to retain and use the property of another until

requested to restore it, and the mere present possession and use of such property in fact, without any right at all.

The promise stated, is to return the goods to the plaintiff forthwith, or pay for them. The promise proved, was to return the property to the plaintiff in a reasonable time there-after, when requested, or pay for them. The defendant having indeed, in both cases, the same option, either to restore the goods or pay for them, but in the former, he was bound to exercise that option at once, and either to restore the property or pay for it immediately, and without request, while in the latter, he had a right to retain the property until requested to return it, and might then return or pay for it as he chose.

Between the contract stated in the other counts and the offered evidence, the variance is too obvious to require elucidation. The evidence was inadmissible under either of those counts.

A new trial ought therefore to be granted.

In this opinion the other judges concurred.

New trial advised.